**KENG YING LIN, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General,[1] Respondent.**

**No. 08–3194–ag.**

United States Court of Appeals, Second Circuit.

April 28, 2009.

Peter D. Lobel, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Barry J. Pettinato, Assistant Director; Charles E. Canter, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROBERT A. KATZMANN, Hon. B.D. PARKER, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Keng Ying Lin, a native and citizen of the People's Republic of China, seeks review of a May 29, 2008 order of the BIA, affirming the October 30, 2006 decision of Immigration Judge ("IJ") Barbara A. Nelson, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Keng Ying Lin,* No. A77 318 051 (B.I.A. May 29, 2008), *aff'g* No. A77 318 051 (Immig. Ct. N.Y. City Oct. 30, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, we note that Lin explicitly abandons any challenge to the IJ's determination that she was ineligible for asylum. Moreover, we lack jurisdiction to consider Lin's argument that the IJ erred in denying her application for CAT relief where she did not challenge before the BIA the IJ's denial of that category of relief. *See* 8 U.S.C. § 1252(d)(1); *see also Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006). We dismiss the petition for review to that extent.

In addition to the statutory requirement that petitioners exhaust the categories of relief they seek, 8 U.S.C. § 1252(d)(1), petitioners must also raise to the BIA the specific issues they later raise in this Court. *See Foster v. INS,* 376 F.3d 75, 78 (2d Cir.2004). While not jurisdictional, this judicially imposed exhaustion requirement is mandatory. *Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

74

Cir.2007). Here, the government correctly argues that Lin failed to exhaust before the BIA her argument that the IJ erred by denying her application for withholding of removal on credibility grounds. Accordingly, we decline to consider this issue.[2] *See Lin Zhong,* 480 F.3d at 124. Because the adverse credibility determination was dispositive of Lin's request for withholding of removal, her failure to exhaust is fatal to her petition for review. *See Steevenez v. Gonzales,* 476 F.3d 114, 118 (2d Cir.2007).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, the pending request for oral argument in this petition is DENIED.

---

**2.** In any event, we note that the IJ did not err in denying Lin's application for withholding of removal on credibility grounds where she admitted that in her previous removal proceedings, she had lied to the IJ about her claim of forcible abortion. *See Siewe v. Gonzales,* 480 F.3d 160, 170 (2d Cir.2007) (holding that "a finding of fraudulent evidence redounds upon all evidence the probative force of which relies in any part on the credibility of the petitioner ... [a]nd where an IJ's finding of fabrication (supported by substantial evidence) serves as the basis for discrediting other evidence, a reviewing court is in no position to conclude that the discrediting of the remaining evidence is unsupported by substantial evidence").

